UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER B. VERDUZCO, et al.,<br><br>　　　　　Defendants. | CV F- 03-5479 REC DLB P<br><br>ORDER RE PLAINTIFF'S MOTION<br>TO COMPEL DISCOVERY<br>(DOC 53) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

　　　　This action proceeds against correctional officers Verduzco, Bicknell, Castillo, Heredia, and Comstock on plaintiff's claims that these defendants subjected him to excessive force during a cell extraction on May 13, 2001 at Pleasant Valley State Prison.

　　　　On May 9, 2005, plaintiff filed a motion to compel further responses to his request for production of documents Request Numbers 1 through 6. Defendants filed an opposition to the motion on May 31, 2005. Defendants provided additional documents responsive to plaintiff's request with their opposition. Plaintiff did not file a reply.

Request Number 1.  Plaintiff seeks documents relating to his movement history during his incarceration at North Kern State Prison.  This request appears to be resolved in that defendants have provided documents relating to plaintiff's movement history for the period of August 30, 2000 to September 3, 2003.

Request No. 2.  Plaintiff seeks the names and locations of all inmates who were housed in his building at the time of the incident.  Defendants objected to the request as overly broad but have provided plaintiff with the names of inmates who potentially had sight of his cell.  Plaintiff argues that he needs the names of all inmates in his housing section because they may be able to provide statements regarding prior harassment of plaintiff and other inmates showing a pattern of abuse leading up to the May 13, 2002 incident.

Plaintiff's request as drafted is overly broad.  In general, each party has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.Proc. 26(b)(1).  Inmates who witnessed the cell extraction and inmates who may have been subject to cell extractions or other disciplinary actions may have testimony relevant to plaintiff's excessive force claim.  However, plaintiff's request generally seeking the names of all inmates that were housed in his unit on the day of the incident is simply too broad.

Request Number 3.  Plaintiff seeks the names of all correctional guards who worked in his unit from January 13, 2001 to September 13, 2001.  Defendants objected to the request as overly broad and irrelevant but provided plaintiff with the log containing the officer roster and official visitors to the unit on May 13, 2001.  Plaintiff argues that there are officers depicted in the videotape of the incident that he cannot identify.

Plaintiff's request is overly broad as to the time period requested.  Officers on duty on the day of the incident may have testimony relevant to the claims or defenses in this case, however plaintiff fails to demonstrate how testimony from officers who were not on duty that day is relevant.  Plaintiff has been provided the names of the officers on duty on May 13, 2001, which should include the unidentified individual in the videotape.  If plaintiff seeks specific information about particular

1  officers who were not on duty the day of the incident, he is free to propound additional and more
2  specific interrogatories.

3     Request No. 4.  Plaintiff seeks the North Kern State Prison manuals relating to the use of
4  pepper spray.  Defendants objected to the request as vague but produced the 2001 Specification
5  manual for the MK -9 Aerosol Projector and the departmental procedures regarding "oleoresin
6  capsicum" in effect at the time of the incident.  Plaintiff argues that he needs information on the
7  effects of the use of pepper spray and the training provided to CDC employees on the use of pepper
8  spray.

9     It appears that defendants have provided all of the information they have related to this
10 request.  Defendants are not required to create documents or perform studies in response to discovery
11 but are only required to produce documents in their "possession, custody or control." Fed.R.Civ.P.
12 34(a).

13    Request Number 5.  Plaintiff seeks documents relating to his daily activities in
14 administrative segregation.  This request appears to have been resolved in that defendants have
15 provided the inmate segregation record of daily activity forms for plaintiff for the period of time he
16 was housed in administrative segregation.

17    Request Number 6.   Plaintiff seeks the "Unit Log Book" for the four month period prior to
18 and following the incident.  Defendants objected as overly broad and irrelevant but provided the unit
19 log book for May 13, 2001.  In his motion, plaintiff simply argues that the log books "contain
20 information that could be relevant within the realm of my case."

21    Plaintiff's motion is denied as to this request.  He has failed to demonstrate why the log
22 books for days other than the day of the incident are relevant.

23     Based on the foregoing, Plaintiff's motion to compel further responses to production of
24 documents is DENIED.  Defendants have provided sufficient responses to the request.

25     IT IS SO ORDERED.

26    **Dated:   October 3, 2005**           **/s/ Dennis L. Beck**
   3b142a                                    UNITED STATES MAGISTRATE JUDGE
27
28